

**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5120
Facsimile: (202) 418-5524
*www.cftc.gov*

Office of General Counsel

May 15, 2013

Dennis R. Bolze
Reg. No. 14825-067
F.C.I. Williamsburg
P.O. Box 340
Salters, S.C. 29590

       Re: <u>Freedom of Information Act Appeal</u>

Dear Mr. Bolze:

       This letter concerns your application for administrative review of the CFTC staff's March 19, 2013 determination of your request for information under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). In the underlying FOIA request, dated October 12, 2012, you sought access to correspondence regarding Michael Potter and Centurion Asset Management ("CAM"), and/or Advanced Trading Services ("ATS"), as well as correspondence between the CFTC and any law firms regarding the CFTC's investigation of CAM and/or ATS.[1] Your request applied to records from 2002 to 2008.

       The CFTC's FOIA staff conducted a records search and located 4 pages of responsive records. The staff withheld these records under FOIA Exemption 6. *See* FOIA Exemption 6.[2] By a letter dated April 9, 2013, you seek administrative review of the staff's initial determination. You argue that the staff should have deleted any identifying information from the responsive records rather than withholding the records entirely.

       The FOIA requires agencies to segregate exempt from non-exempt information and release the non-exempt information. The withholding of whole documents simply because they may contain some exempt information is ordinarily improper. 5 U.S.C. § 552(b); *Kimberlin v. Dep't of Justice*, 139 F.3d 944, 949-51 (D.C. Cir. 1998). In situations involving small groups,

---

[1] In 2010, you were convicted of wire fraud and money laundering based on the commodity-related fraud you committed through CAM and ATS from 2002 through 2008. You were sentenced to 27 years and 3 months in federal prison and 3 years supervised release. Also in 2010, in a related civil action, the CFTC obtained a default judgment and permanent injunction against you. Further, the court imposed restitution and civil monetary penalties on you in 2011.

[2] *Id.* § 552(b)(6) (exempting personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy); 17 C.F.R. § 145.5(f)(2012).

<u>EXHIBIT A, p.1</u>

however, the practice of deleting only the name or similar identifying information may not be adequate to protect personal privacy as exemption six to FOIA also requires. In these situations, document withholding is appropriate. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 379-82 (1976); c*f. Alirez v. NLRB*, 676 F. 2d 423, 428 (10th Cir. 1982)(personal privacy protected by FOIA Exemption 7(C)); *Nat'l Whistleblower Center, et al., v. Dep't of HHS*, 849 F.Supp.2d 13, 29-32 (DDC 2012)(Exemption 7(C)).

We further observe that the public interest in disclosure under FOIA depends on the degree to which disclosure would shed light on an agency's performance of its statutory duties and its compliance with the law. *Reed v. NLRB*, 927 F.2d 1249, 1252 (D.C. Cir. 1991). In assessing the public interest, the nature of the request and its relationship to the basic purpose of the FOIA to open the government to public scrutiny must be examined to determine whether disclosure is appropriate. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S.749, 773 (1989). Such scrutiny is not served by disclosures that would reveal little or nothing about an agency's official activities. *Id.* This is particularly true where requests may involve disappointed parties seeking to attack adverse decisions. *See, e.g., Lopez v. EOUSA*, 589 F.Supp. 2d 83, 88 (D.D.C. 2009)(rejecting disclosure under litigant's theory that wrongful conviction resulted from withheld exculpatory evidence).

Accordingly, the staff's initial determination is affirmed.

Please be advised that you are entitled to seek *de novo* judicial review of this decision in a United States district court in the district where you reside, where you have your principal place of business, where the agency records are located, or in the District of Columbia. *See* 5 U.S.C. § 552(a)(4)(B).

Sincerely,

George G. Wilder
Acting Deputy General Counsel

cc:    FOIA Compliance Staff

EXHIBIT A, p.2

**U.S. COMMODITY FUTURES TRADING COMMISSION**

Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5105
Facsimile: (202) 418-5124
www.cftc.gov

FOIA Office

March 19, 2013

Dennis Bolze
Reg. No.: 14825-067
FCI Williamsburg, P.O. Box 340
Salters, SC 29590

RE:     13-00006-FOIA
        Michael Potter and Centurion Asset
        Management, and/or Advanced Trading
        Services

Dear Mr. Bolze:

This is in response to your request dated October 12, 2012, under the Freedom of Information Act seeking access to all correspondence to and from the Commission relating to Michael Potter, Centurion Asset Management, and Advanced Trading Services dated from 2002 until December 31, 2008. In accordance with the FOIA and agency policy, we have searched our records, as of October 23, 2012, the date we received your request in our FOIA office.

We have located four pages of responsive records, all of which are exempt from the FOIA's disclosure requirement. Accordingly, we are denying your request. The responsive records contain personal identifying information, which is exempt from release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because individuals' right to privacy outweighs the general public's interest in seeing personal identifying information. *See Lakin Law Firm v. FTC*, 352 F.3d 1122 (7th Cir. 2003).

If you are not satisfied with this response to your request, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Commodity Futures Trading Commission, Three Lafayette Centre, 8th Floor, 1155 21st Street, N.W., Washington, D.C. 20581, within 30 days of the date of this letter. Please enclose a copy of your original request and a copy of this response. If you believe that we should choose to disclose additional materials beyond what the FOIA requires, please explain why this would be in the public interest.

If you have any questions about the way we handled your request, or about our FOIA regulations or procedures, please contact Kylie Polson at 202-418-5781.

Sincerely,

Joan E. Fina
Counsel

EXHIBIT A, p.3